IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 3:24-cr-76 |
| v. ) | |
| ) | GOVERNMENT'S |
| ALEXANDER B. EVANS, ) | SENTENCING MEMORANDUM |
| ) | |
| Defendant. ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for October 9, 2025, at 9:00 a.m.

**TABLE OF CONTENTS**

I.      **BACKGROUND** ...........................................................................................1

II.     **SENTENCING CALCULATION** .........................................................2

III.    **GOVERNMENT'S RECOMMENDATION** ...........................................3

I.    **BACKGROUND**

A two-count Indictment was filed on November 5, 2024, in the Southern District of Iowa, charging Alexander B. Evans (Defendant) with Receipt of Child Pornography (Count One), in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1) and Possession of Child Pornography (Count Two), in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2). A Notice of Forfeiture was filed pursuant to 18 U.S.C. § 2253. (Final Presentence Investigation Report, hereinafter "PSR." R. Doc. 48, ¶¶ 1-3.)

On June 18, 2025, Defendant pled guilty to Count One of the two-count Indictment. On July 3, 2025, the Court accepted Defendant's plea and adjudicated him guilty. The government has agreed to dismiss Count Two at the time of sentencing. (PSR, R. Doc. 48, ¶¶ 4-5.) There are no sentencing guideline issues to resolve prior to sentencing. The only objection not resolved is Defendant's objection to the narrative in Paragraph 55.

## II.  SENTENCING CALCULATION

In the presentence report paragraphs 39-52 and 137, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level USSG §2G2.2(a)(2) | 22 |
| Specific Offense Characteristics USSG §2G2.2(b)(2) | +2 |
| Specific Offense Characteristics USSG §2G2.2(b)(3)(B) | +5 |
| Specific Offense Characteristics USSG §2G2.2(b)(4)(B) | +4 |
| Specific Offense Characteristics USSG §2G2.2(b)(6) | +2 |
| Specific Offense Characteristics USSG §2G2.2(b)(7)(D) | +5 |
| Acceptance of Responsibility USSG §3E1.1(a), (b) | -3 |

|   |   |
|---|---|
| Total Offense Level | **37** |
| Criminal History Category | V |
| Guideline Sentencing Range: | 324 to 405 months |

### III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 37/Criminal History category V: 324 to 405 months. The statutory mandatory minimum is 15 years, and the maximum term is 40 years. The government is recommending a sentence at the top of the advisory guideline range.

This case is aggravating because Defendant was on the sex offender registry for a prior federal crime that is similar to the case at hand. Back in 2009, Defendant had downloaded over 1500 images and 212 videos containing child pornography to

his computer. (PSR ¶ 60.) Defendant was sentenced to 150 months incarceration. While in prison, Defendant continued to download and view child pornography. (Id.) The Bureau of Prisons records show that Defendant used the education computer to privately store pictures of children and stories about the sexual victimization of children. (Id.) He altered clip art to depict children being sexually abused. (Id.) Defendant then told other inmates how to access the child pornography material. (Id.) In addition, Defendant received mail that included explicit sexual stories involving the sexual abuse of minors by adults, Defendant possessed pictures of nude minors, and Defendant refused to participate in the sex offender treatment program. (Id.)

When Defendant was released onto supervised release, he did not fare much better. Defendant has been revoked three times in the past for violations that include: unauthorized contact with minors, not being truthful with probation, failure to reside at approved address, failure to register as a sex offender, unapproved association with a felon, failure to comply with the rules of the RRC, not reporting to probation, unauthorized internet access, and possession of sexually stimulating materials. (Id.)

Defendant was released back onto supervised release for the fourth time on July 26, 2024. He was in the hospital from August 20 through August 26. Then immediately upon his release, the forensic evidence shows he obtained a phone and began receiving child pornographic content from websites which he bookmarked. (PSR, ¶28.) This continued until he was arrested on September 12, 2024. (Id.) In that short period of time, Defendant amassed the equivalent of over 1,500 images. (Id.) Further investigation led to the seizure of a cellular phone that he had used to receive

and view child pornography starting back in July 2023, which was prior to his most recent incarceration. (PSR, ¶29.) On this device, Defendant had the equivalent of over 100,000 images. (Id.)

Based on the history and characteristics of Defendant, it is clear that he has a sexual interest in children and despite all the services available to him, he has not rehabilitated himself and he will continue to seek out and view child pornography harming vulnerable victims. In fact, it appears he has no interest in rehabilitation as he refused to participate in sex offender treatment while at the BOP and only minimally participated while on supervised release. (Id. and PSR, ¶¶99-100.) The BOP discharge summary stated that Defendant's risk factors include "deviant sexual interests, sexual preoccupation." (PSR, ¶99.) Defendant self-reported that he is a "sex addict" and that sexual offending "give[s] him a rush". (PSR, ¶ 101.) Defendant while on supervised release and on the sex offender registry still was able to commit this new crime. Defendant is a danger to the community and his sentence should be of such a length that incapacitates him for a long period of time to help ensure the community is safe from him. A sentence at the top of the guideline range is sufficient but not greater than necessary to meet all of the sentencing goals.

Pursuant to the plea agreement, the Government would ask the Court to dismiss Count 2 of the indictment and order restitution in the amount of $3,000 to each of the victims. There are 18 listed in the PSR, however, there was one more that was submitted since that time. At the filing of this sentencing memorandum, there

has been one added, the Linda and Patty1 series. This additional victim will need to be added to the PSR for accuracy of the report.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:  */s/ Melisa Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: Melisa.Zaehringer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing     ____Other means


UNITED STATES ATTORNEY

By:  */s/ Alexandria Ogden*
 Paralegal Specialist